```
                UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )      Chapter 13
LONNIE RAY KRENZ and            )
MICHELLE LYNN KRENZ,            )
                                )      Bankruptcy No. 05-07287
     Debtors.                   )
```

### ORDER RE: APPLICATION FOR ADDITIONAL COMPENSATION

This matter came before the undersigned on October 24, 2006 pursuant to assignment. Applicant Paul Gandy appeared as attorney for Debtors. Carol Dunbar appeared as Chapter 13 Trustee. John Schmillen appeared for the U.S. Trustee. Bruce Erusha appeared for Creditor Liberty Trust & Savings Bank. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Attorney Gandy seeks additional compensation as attorney for Debtors. He has received $1,344 from Debtors, including the $194 filing fee. He requests an additional $12,877.17 to be paid through the plan.

U.S. Trustee objects, questioning whether this is reasonable in light of total plan payments of $19,898. Also, Mr. Gandy must show that services related to the improper filing in the Southern District are compensable. The requested fees appear to be excessive and unreasonable.

Trustee objects on several grounds. There are conflicting statements regarding the amount of fees requested. Additional fees may make the plan unfeasible. Preconfirmation fees of $1,000 have already been approved. Mr. Gandy's statement shows $9,531 of fees for preconfirmation work, which should be disallowed.

Liberty Trust & Savings Bank objects and joins in Trustee's and U.S. Trustee's objections. Attorney fees should be limited to what's already been approved. Additional fees will delay payment to the Bank for almost a year.

### CONCLUSIONS OF LAW

This Court has recently ruled on an application for additional compensation filed by Mr. Gandy in another Chapter 13

case, in In re Sherrets, 2006 WL 1806341 (Bankr. N.D. Iowa June 27, 2006).  The statements of the law in Sherrets are equally applicable here, and need not be repeated.  In short, Mr. Gandy has the burden to prove the compensation he seeks is reasonable. The base amount of attorney fees in Chapter 13 cases in this district, applicable to this case originally filed in the Southern District of Iowa on July 28, 2005, is $1,250.  This amount is considered sufficient to compensate for basic services rendered by debtors' attorneys in Chapter 13 cases.  "These include counseling the debtors; preparing and filing the petition, schedules and plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions."  Id. at *2.

As Mr. Gandy is seeking substantially more than the base amount in this case, the court applies the conventional lodestar analysis.  The lodestar amount is the number of hours reasonably expended multiplied by a reasonable hourly rate.  In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992).  In making this analysis the Court considers: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."  Id. In making this determination, the court takes into consideration whether the professional exercised reasonable billing judgment. In re Mednet, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000); In re Michels, 2004 WL 1718074, slip op. at *3 (Bankr. N.D. Iowa May 10, 2004).  Time spent "handholding" or reassuring debtors, or on matters which do not require attorney services, are simply not compensable at an attorney's regular hourly rates.  In re Stromberg, 161 B.R. 510, 519 (Bankr. D. Colo. 1993).

**ANALYSIS**

The parties objecting to the Application for Additional Compensation stress that, other than the change of venue from the Southern District of Iowa, this case is not complex.  They argue that any distribution to creditors should not be reduced by the additional attorney fees relating to Debtors filing their bankruptcy petition in the wrong venue.  At the hearing, Mr. Gandy could point to little in the way of complexity of the case other than the change of venue.

The Court has reviewed the docket in this case, both in this District and in the Southern District of Iowa.  Other than the change of venue motion, the only thing notable about this case is the multiple plan amendments filed.  Debtors filed three versions of their Chapter 13 plan prior to initial confirmation of the plan on May 2, 2006, approximately nine months after the petition

date.  Subsequently, they have filed three more versions of amended plans, none of which have been confirmed.  They currently have a deadline in the near future for another plan amendment to be filed.

Based on the foregoing law, the Court concludes that Mr. Gandy has failed to show all the compensation he seeks is reasonable.  As the Court indicated at the hearing, the itemized bill shows a significant level of handholding for which the Court is not willing to compensate a Chapter 13 debtors' attorney.  It is also improper to bill for time spent recording receipt of payment.  The Court also notes an inordinate amount of time spent on intraoffice communications.  Also, Mr. Gandy charges his full rate of $200 for travel time.  This Court has a general rule that travel time should be billed at one-half of an attorney's regular rate.

After reviewing the entire record, the Court concludes that Mr. Gandy is entitled to some increase in fees beyond the base amount in this case.  Fees of $1,000 have already been allowed, to be paid through the plan.  The Court hereby allows Mr. Gandy additional fees of $2,500 to be paid through the plan.  The remainder of the compensation he requests is disallowed.

**WHEREFORE**, the Application for Additional Compensation by Paul Gandy is GRANTED IN PART and DENIED IN PART.

**FURTHER**, the Court allows Paul Gandy additional compensation of $2,500 to be paid through Debtors' Chapter 13 Plan.  The remainder of the compensation requested is disallowed.

DATED AND ENTERED:  November 2, 2006

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE