UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )       Chapter 13
LONNIE R. KRENZ and                 )
MICHELLE L. KRENZ,                  )       Bankruptcy No. 05-07287
                                    )
      Debtors.                      )

### ORDER RE: APPLICATION FOR ADDITIONAL COMPENSATION

This matter came before the undersigned on June 19, 2007 pursuant to assignment. Attorney Paul D. Gandy appeared for Debtors Lonnie and Michelle Krenz. Carol Dunbar appeared as Chapter 13 Trustee. Attorney John Schmillen appeared for the U.S. Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Attorney Paul Gandy requests additional compensation for services rendered as counsel for Debtors. The Chapter 13 Trustee, the U.S. Trustee and Creditor Liberty Trust & Savings Bank filed objections.

### FINDINGS OF FACT

Attorney Gandy has represented Debtors throughout this Chapter 13 case. The case was originally filed in the Southern District of Iowa but was transferred to this District in response to Liberty Trust & Savings Bank's Motion to Change Venue. Debtors modified their Chapter 13 plan several times. An Order confirming their Fourth Modified Plan was filed January 2, 2007.

In the original Order confirming Debtors' plan filed on May 2, 2006, the Court awarded Attorney Gandy $1,000 in attorney fees to be paid through the Plan. Mr. Gandy subsequently applied for additional compensation of $12,877.17 for services rendered and expenses arising through September 12, 2006. On November 2, 2006, the Court granted the application in part, allowing Mr. Gandy additional compensation of $2,500 and disallowing the remainder of the compensation requested.

Attorney Gandy now seeks additional compensation for services rendered and expenses arising after September 12, 2006. His application requests fees of $2,366.00 and expenses of

$130.96, or a total of $2,496.96. As set out in his Response to Objections filed June 17, 2007, Mr. Gandy has now reduced his request to a total of $1,747.86.

The U.S. Trustee objected to the amount charged for travel time and to defend a previous fee application. Attorney Gandy's reduction of the amount requested addresses these objections. U.S. Trustee also argues that Mr. Gandy must show the fees requested are reasonable, especially in light of previous compensation allowed of $3,500. Liberty Trust & Savings Bank joins in the U.S. Trustee's objections.

Trustee also objects. She notes that Attorney Gandy has already received $3,500 and argues that the additional amount requested appears excessive. Trustee calculates that unsecured creditors will receive approximately 56% under the plan if the Court approves Mr. Gandy's additional compensation.

## CONCLUSIONS

The Court reviewed the law applicable to this case in its ruling on Mr. Gandy's fees filed November 2, 2006, as follows:

> This Court has recently ruled on an application for additional compensation filed by Mr. Gandy in another Chapter 13 case, in In re Sherrets, 2006 WL 1806341 (Bankr. N.D. Iowa June 27, 2006). The statements of the law in Sherrets are equally applicable here, and need not be repeated. In short, Mr. Gandy has the burden to prove the compensation he seeks is reasonable. The base amount of attorney fees in Chapter 13 cases in this district, applicable to this case originally filed in the Southern District of Iowa on July 28, 2005, is $1,250. This amount is considered sufficient to compensate for basic services rendered by debtors' attorneys in Chapter 13 cases. "These include counseling the debtors; preparing and filing the petition, schedules and plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions." Id. at *2.
>
> As Mr. Gandy is seeking substantially more than the base amount in this case, the court applies the conventional lodestar analysis. The lodestar amount is the number of hours reasonably expended multiplied by a reasonable hourly rate. In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992). In making this analysis the

2

> Court considers: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." Id. In making this determination, the court takes into consideration whether the professional exercised reasonable billing judgment. In re Mednet, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000); In re Michels, 2004 WL 1718074, at *3 (Bankr. N.D. Iowa May 10, 2004). Time spent "handholding" or reassuring debtors, or on matters which do not require attorney services, are simply not compensable at an attorney's regular hourly rates. In re Stromberg, 161 B.R. 510, 519 (Bankr. D. Colo. 1993).

In re Krenz, 2006 WL 3354996, *1 (Bankr. N.D. Iowa Nov. 2, 2006).

## ANALYSIS

Mr. Gandy asserts that he made sure not to seek compensation for "handholding" or other noncompensable services. He argues that changes in Debtors' circumstances, which were beyond counsel's control, required the multiple plan modifications in this case. As noted by Trustee, Debtors are currently in default in plan payments and additional work on Debtors' behalf will probably be necessary in this case.

The Court has reviewed the Application for Compensation and Account Summary as well as Mr. Gandy's Response to Objections. The Court accepts the reductions proposed by Mr. Gandy and allows counsel total additional compensation of $1,747.86.

**WHEREFORE**, the Application for Additional Compensation, as adjusted by Mr. Gandy's Response to Objections, is GRANTED.

**FURTHER**, Attorney Paul Gandy is granted total additional compensation of $1,747.86, of which $1,682.00 is fees and $65.86 is expenses, to be paid through Debtors' Chapter 13 plan.

DATED AND ENTERED: June 29, 2007

*/s/ Paul J. Kilburg*
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE